# EXHIBIT A

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Settlement Agreement and Mutual Release (hereinafter "Agreement") is hereby entered into on this ___ day of_____, 2016, by and between Henry Jeovan Benavides Segovia ("Claimant") and Car Links Auto Group, LLC and Stephen C. Kalu (collectively "Employer") (Claimant and Employer are collectively referred to herein as the "Parties"). This Agreement sets forth the understandings and resolutions between the Parties.

WHEREAS, Claimant has alleged claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, and Maryland state statutes and filed a lawsuit in the United States District Court for the District of Maryland styled *Benavides Segovia v. Car Links Auto Group, LLC*, JKB-15-2455; and

WHEREAS, Employer denies and has denied any liability in this matter; and

WHEREAS, the Parties have entered into this Agreement to resolve a good faith dispute as to possible entitlements under the law, therefore, the parties desire to resolve all matters and disputes concerning unpaid wages between them amicably so to avoid any future litigation;

NOW THEREFORE, it is hereby agreed between Claimant and Employer to fully and finally settle and completely dispose of all existing or potential issues, claims, grievances and disputes between them, accordingly,

IN CONSIDERATION OF THE MUTUAL PROMISES MADE HEREIN:

1.   **Settlement Payments.** Employer agrees to pay Claimant the total gross sum of $19,000.00 ("Settlement Amount"), **time being of the essence,** in full and final satisfaction of any and all claims, including all claims for attorneys' fees and costs, liquidated damages, and unpaid wages. The Settlement Amount will be paid as follows: Within five days upon which the

4723363_1

date that the Court approves the settlement of this matter, ***time being of the essence***, Employer shall deliver checks to Mary Craine Lombardo at 25 W. Middle Lane, Rockville, Maryland 20850 as follows: one in the amount of $11,500.00 payable to Claimant and one check in the amount of $7,500.00 payable to Stein Sperling Bennett De Jong Driscoll PC for attorneys' fees and costs;

2.   **Default.** Failure by Employer to pay any or all moneys due on or before the date outlined in this Agreement shall be default hereunder. In the event that the default is not cured in five calendar days after the default, Claimant will be entitled to have judgment entered in the amount of two times the wages claimed and will also be entitled to all reasonable attorneys' fees incurred, including those incurred from the date of default.

3.   **Mutual Release.** For and in consideration of the Payments described above, and other good and valuable consideration, Claimant fully and forever releases, remises and discharges Employer, together with its officers, directors, partners, shareholders, employees, agents, affiliates, corporate parents, subsidiaries, successors, and assigns (collectively, the "Released Parties"). The Claims Claimant is releasing include, all claims regarding unpaid overtime wages as well as all claims, promises, causes of action, complaints, grievances, or similar rights that were or could have been alleged, as well as all known and unknown claims, promises, causes of action, complaints, grievances or similar rights of any type that they presently may have ("Claims") with respect to any Released Party, including any claim for attorney's fees, except as provided for herein. **This is a general and complete release of all claims by Claimant and is to be construed in its broadest sense.** Claimant understands that the Claims he is releasing include any and all claims that he might have as a result of conduct or omissions by any Released Party at any time up

until the moment he signs this Agreement and include claims under any foreign, domestic, national, state, or local laws (including statutes, regulations, administrative guidance, and common law doctrines) including, but not limited to, the following:

Employment statutes, such as the Employee Retirement Income Security Act of 1974; the Family and Medical Leave Act of 1993; and any other federal and/or state laws relating to employment.

All other laws, such as any federal, state, local or common law mandating leaves of absence, restricting an employer's right to terminate employees, or otherwise regulating employment; any federal, state, local or common law enforcing express or implied employment contracts or requiring an employer to deal with employees fairly or in good faith; any other federal, state, local or common law providing recourse for alleged wrongful discharge, tort, physical or personal injury, emotional distress, fraud, negligent misrepresentation, defamation, and similar or related claims, and any other law, including claims alleging breach of contract or otherwise brought under any contract and/or tort theory.

Except as provided below, Employer hereby irrevocably and unconditionally waives any right to damages, costs, attorneys' fees or any other monetary or other recovery regarding, and fully releases, all claims that it may have against Claimant on account of any matter, specifically forgiving any unpaid debts, conduct or omission occurring on or before the date Employer signs this Agreement. To the extent that claims are not reserved below, this **is a general and complete release of all claims by Employer and is to be construed in its broadest sense.** Employer understands that the claims it is releasing include any and all claims that it might have as a result of

conduct or omissions by Claimant at any time up until the moment it signs this Agreement and include claims under any foreign, domestic, national, state, or local laws (including statutes, regulations, administrative guidance, and common law doctrines).

4.   **Covenant Not To Sue.** Claimant covenants that he will not file or cause to be filed any future legal action in any court, administrative agency, or other forum based upon any claim which has been released pursuant to paragraph 3 of this Agreement ("legal action").

5.   **No Publicity/Silence.** The Parties shall not notify or comment on any form of social media, including but not limited to Twitter, Facebook, Instragram or the like or disclose to the news media, or any representative or agent of the news media, regarding the disputes that exist among them, the existence of this Agreement and/or the circumstances and facts giving rise thereto. The Parties shall not issue a press release or post any information on the internet, World Wide Web, and/or any social networking site or blog relating to the disputes that exist among them, this Agreement, and/or the facts and circumstances giving rise thereto. The Parties further agree not to disparage the other in a manner that would be actionable as defamatory or slanderous.

6.   **Non-Disparagement**.   The Parties agree that they shall not disparage or make any negative or derogatory statements concerning each other.   Nothing in this Paragraph is intended to discourage or prevent the Parties from providing truthful information in response to any government investigation or formal government proceeding or lawsuit. The non-disparagement obligations under this Paragraph 7 are material to this Agreement.

7.   **No Admission.** The Parties, by reason of agreeing to this compromise and agreement deny liability of any and every sort and state that they have made no agreement to do or omit to do any act or thing not set forth herein. The Parties further state that this Agreement is entered

into as a compromise in order to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including further developments thereof, in any way growing out of or connected with the Claims.

8.  **No Assignment.** Claimant represents that he has not assigned, transferred, or purported to assign or transfer, to any person or entity, any claim against Employer or portion thereof or interest therein.

9.  **Governing Law and Interpretation.**   The Parties agree that this Agreement and the rights and obligations hereunder shall be governed by, and construed in accordance with, the laws of the State of Maryland. The Parties agree that any dispute arising out of this Agreement shall be adjudicated solely and exclusively in the Maryland state courts. The Parties expressly waive any objection to jurisdiction and venue herein, including but not limited to personal jurisdiction and forum *nonconveniens*.

10.  **Severability.**   The Parties agree that, if any terms of the above provisions of this Agreement are found null, void or inoperative, for any reason, the remaining provisions will remain in full force and effect.

11.  **Entire Agreement.** The Parties agree that this Agreement contains and comprises the entire agreement and understanding of the Parties and that there are no additional promises or terms of the agreement among the Parties.

12.  **Joint Participation and Negotiation of Agreement.** Claimant represents that he has read this Agreement, that he understand all of its terms, that they have fully discussed the terms of this Agreement with an attorney of his choice, and that, in executing this Agreement, he did not rely and have not relied upon any representation or statement made by any of the employees, agents, representatives, or attorneys of Employer with regard to the subject matter,

5

4723363_1

basis, or effect of the Agreement. Claimant represent that he entered into this Agreement voluntarily, of his own free will, and with knowledge of its meaning and effect.

13.     **Amendment.** The Parties agree that this Agreement shall not be modified except by a writing signed by each of the Parties hereto.

14.     **Counterpart Signatures.** The Parties hereby acknowledge that this Agreement may be executed in counterpart originals with like effect as if executed in a single document. This Agreement is effective when all Parties have executed the Agreement and provided executed copies to all Parties hereto.

IN WITNESS WHEREOF, the parties have executed this Agreement:

_____     Dated: _____
Henry Jeovan Benavides Segovia

_____     Dated: _____
By:
Title:
On behalf of Car Links Auto Group, LLC

_____     Dated: _____
Stephen C. Kalu

6

4723363_1